UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE CORCORAN and DEBBIE DOUEZ, individually and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>SUSTAINABLE LIVING INNOVATIONS, INC.,<br><br>Defendant. | C23-1252 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge.

(1) Plaintiffs' motion to dismiss and for partial summary judgment, docket no. 14, is GRANTED in part and DENIED in part as follows:

(a) **Fraud/Fraudulent Inducement, Intentional Misrepresentation, and Negligent Misrepresentation:** Plaintiffs move to dismiss Defendant's fraud/fraudulent inducement, intentional misrepresentation, and negligent misrepresentation counterclaims, and related affirmative defenses, for failing to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Pls.' Mot. at 9–11 (docket no. 14); Pls.' Reply at 8–9 (docket no. 21). In support of these counterclaims, Defendant restates the same allegations set forth in its fraud/fraudulent inducement counterclaim, and Rule 9(b)'s heightened pleading standard therefore applies to all of these counterclaims. Wessa v. Watermark Paddlesports, Inc., No. C06-5156, 2006 WL 1418906, at *2 (W.D. Wash. May 22, 2006); see also Andersen v. Lewis McChord Communities LLC, No. 3:21-CV-5391, 2022 WL 18664855, at *6 (W.D. Wash. July 28, 2022) ("A complaint containing a claim for negligent misrepresentation based on fraudulent conduct requires compliance with Federal Rule of Civil Procedure 9(b)." (citation omitted)). Defendant alleges that Plaintiff Steve Corcoran repeatedly

MINUTE ORDER - 1

represented that he had an extensive network of industry contacts, access to ripe contracts, and immediately available business in the relevant industry, which would generate millions of dollars in revenue for Defendant, and that if Defendant purchased SDC Next, Corcoran would leverage his resources to generate an immediate stream of business for Defendant. Def.'s Answer at ¶¶ 1.6–1.7 (docket no. 9 at 6). Defendant also alleges that Corcoran induced Defendant to move forward with the Stock Purchase Agreement ("SPA") by leveraging his relationship and ongoing work with Defendant. Id. at ¶ 1.8. Defendant, however, does not allege "the who, what, when, where, and how of the misconduct alleged." In re Cray Inc., 431 F. Supp. 2d 1114, 1129 (W.D. Wash. 2006) (citing Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)). Thus, Plaintiffs' motion to dismiss is GRANTED in part, and Defendant's fraud/fraudulent inducement, intentional misrepresentation, and negligent misrepresentation counterclaims are dismissed without prejudice and with leave to amend.

(b) **Breach of Contract and Breach of the Duty of Good Faith and Fair Dealing:** Plaintiffs move to dismiss Defendant's breach of contract counterclaim and breach of the duty of good faith and fair dealing counterclaim, and related affirmative defenses, because Defendant fails to point to a specific provision that Plaintiffs allegedly violated. Pls.' Mot at 11–12. As to the breach of contract counterclaim, although Defendant contends that there was no valid contract between the parties, see Def.s' Reply at 14–16 (docket no. 17), Defendant does allege that Plaintiffs violated Sections 2.02 and 3.21 of the SPA, see Def.s' Answer at ¶¶ 6.1–6.5 (docket no. 9 at 11). Thus, Plaintiffs' motion to dismiss the breach of contract counterclaim is DENIED.

As to the breach of the duty of good faith and fair dealing, Defendant correctly argues that there can be a breach of the duty of good faith and fair dealing even if there is no violation of a specific contract term. Rekhter v. State, Dep't of Soc. & Health Servs., 180 Wn.2d 102, 132–33, 323 P.3d 1036 (2014). Thus, Plaintiffs' motion to dismiss the breach of the duty of good faith and fair dealing counterclaim is also DENIED.

(c) **Unjust Enrichment:** Plaintiffs move to dismiss Defendant's unjust enrichment counterclaim because such a claim is only available where there is no contractual relationship between the parties. Pls.' Mot. at 13. Defendant concedes that its unjust enrichment counterclaim would be superfluous if the Court finds that there is a valid contract between the parties. Def.'s Resp. at 23 (docket no. 17). However, it would be premature to dismiss Defendant's unjust enrichment counterclaim because

MINUTE ORDER - 2

the validity of the parties' contracts is still an issue.  Thus, Plaintiffs' motion to dismiss the unjust enrichment counterclaim is DENIED.

  (d) **Plaintiffs' Motion for Partial Summary Judgment:**  Plaintiffs also move for partial summary judgment because Defendant allegedly failed to pay Plaintiffs sums due pursuant to the SPA.  Pls.' Mot. at 13.  There are material issues of fact that preclude partial summary judgment prior to discovery.  Thus, Plaintiffs' motion for partial summary judgment is DENIED.

  (e) **Defendant's Affirmative Defenses:**  Because the Court concludes that none of Defendant's counterclaims should be dismissed with prejudice, Plaintiffs' motion to dismiss or strike Defendant's affirmative defenses is DENIED.

 (2) Defendant shall file any amended counterclaims on or before June 21, 2024.  Any answer or response is due within fourteen (14) days after any amended counterclaims are filed.  See Fed. R. Civ. P. 15(a)(3).

 (3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of May, 2024.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 3