UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE CORCORAN and DEBBIE DOUEZ, individually and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>SUSTAINABLE LIVING INNOVATIONS, INC.,<br><br>Defendant. | C23-1252 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiffs Steve Corcoran and Debbie Douez's Motion to Reopen Case and for Entry of Judgment, docket no. 43, and defense counsel James Fick's Motion for Leave to Withdraw as Counsel, docket no. 45. Having reviewed all papers filed in support of the motions, the Court enters the following order.

**Background**

On December 10, 2024, the parties filed a stipulated motion for dismissal, docket no. 35. The Court held a status conference on the same day. See Minute Entry (docket no. 36). The Court confirmed on the record that a settlement agreement had been executed by the parties. Id. On December 11, 2024, the Court entered an Order, docket

ORDER - 1

1  no. 37, granting the parties' stipulated motion for dismissal.  The Court dismissed the
2  case with prejudice and without costs and directed the Clerk to close the case.  Order
3  (docket no. 37).  The Court also permitted Plaintiffs to file a motion to reopen and to
4  have a consent judgment entered in the event settlement was not perfected, and it set a
5  deadline of July 1, 2025, for filing such motion.  Id.  That deadline was subsequently
6  extended to September 29, 2025.  Minute Order (docket no. 41); see Stip. Mot. to Extend
7  Deadline to Reopen Case at 2 (docket no. 39).
8        On September 11, 2025, Plaintiffs filed a timely motion, docket no. 43, to reopen
9  this case and for entry of confession of judgment.  In a declaration filed in support,
10 Plaintiffs' counsel stated that the parties' settlement agreement required Defendant to pay
11 Plaintiffs a total of $597,500.00 by June 6, 2025.  Rosencrantz Decl. at ¶ 3 (docket
12 no. 44).  The parties' settlement agreement was "secured" by a confession of judgment,
13 in which Defendant "confesses judgment for $597,500.00 less payments received by
14 Plaintiff Corcoran."  See id. at ¶¶ 3–4 & Ex. A.  Defendant failed to pay the entire
15 amount by June 6, 2025, as required under the terms of the settlement agreement.  Id. at
16 ¶ 5.  By way of an amendment of the settlement agreement, the parties extended to
17 September 4, 2025, the deadline for Defendant to pay the remaining owed sums and
18 increased the total amount Defendant was obligated to pay to $622,500.00.  Id. at ¶ 6 &
19 Ex. B.  On September 4, 2025, defense counsel notified Plaintiffs that Defendant would
20 not be paying the remaining funds as required.  Id. at ¶ 8 & Ex. C.  According to
21 Plaintiffs, Defendant has paid them a total of $35,000.00, and Plaintiffs request that
22 judgment be entered against Defendant in the amount of $587,500.  Id. at ¶¶ 10–11.
23

ORDER - 2

On October 7, 2025, five days after the noting date of Plaintiffs' motion, Defendant's attorney James Fick filed a Motion to Withdraw as Attorney, docket no. 45. Mr. Fick asserts that he has completed his role to defend his client and bring this matter to resolution. Mot. for Leave to Withdraw as Counsel at 2 (docket no. 45). He claims that he can no longer assist Defendant and should be permitted to withdraw. See id.

**Discussion**

    A.    **Motion to Reopen Case and for Entry of Judgment**

The Court first addresses Plaintiffs' pending motion, docket no. 43, to reopen this case and for entry of judgment. Defendant has not filed any response to this motion.

Judgment by confession is a legal device "by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing." F.D.I.C. v. Aaronian, 93 F.3d 636, 637 (9th Cir. 1996) (quoting D.H. Overmyer Co. v. Frick Co., 405 U.S. 174, 176 (1972)). "The device is a 'product' of state law and has no counterpart in the [f]ederal rules." Adkisson v. Epik Holdings, Inc., 2024 WL 3510933, at *2 (W.D. Wash. July 23, 2024) (quoting J.D. Holdings, LLC v. BD Ventures, LLC, 766 F. Supp. 2d 109, 113 (D.D.C. 2011)). Nevertheless, "federal courts do have the authority to enter judgment by confession in certain circumstances 'so long as subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly, and intelligently made.'" Id. (quoting LOL Fin. Co. v. Carrigan, 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016)).

The Court can enter Plaintiffs' proposed judgment by confession because the Court retained jurisdiction over this case and the confession of judgment was voluntarily,

ORDER - 3

knowingly, and intelligently made.  While Plaintiffs have not filed and the Court has not otherwise seen a copy of the parties' settlement agreement, the Court explicitly permitted Plaintiffs to file a motion to re-open this case in the event settlement was not perfected for the purposes of entering a consent judgment.  Order (docket no. 37).  The Court therefore retained jurisdiction over this case.  Additionally, Defendant's Chief Executive Officer Arlan Collins signed the Confession of Judgment and the Amendment to the Final Settlement Agreement on Defendant's behalf.  See Exs. A & B to Rosencrantz Decl. (docket no. 44 at 6 & 11).  Defendant has been fully represented throughout this case, and the Court concludes that Defendant's confession of judgment was voluntarily, knowingly, and intelligently made.

Accordingly, Plaintiffs' Motion to Reopen Case and for Entry of Judgment, docket no. 43, is GRANTED.

**B.     Motion for Leave to Withdraw as Counsel**

The Court now addresses Mr. Fick's pending motion, docket no. 45, for leave to withdraw as counsel for Defendant.  Plaintiffs have not filed any response to this motion.

The decision to grant or deny counsel's motion to withdraw is within the discretion of the trial court.  Fujifilm Sonosite, Inc. v. Imaging Specialists Grp., LLC, 2014 WL 1400992, at *1 (W.D. Wash. Apr. 10, 2014); see United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009) (a "district court's denial of counsel's motion to withdraw is reviewed for an abuse of discretion").  Courts consider various factors when evaluating a motion to withdraw, including "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might

ORDER - 4

cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Curtis v. Illumination Arts, Inc., 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014).

Local Civil Rule ("LCR") 83.2(b) outlines the procedures for attorneys to withdraw their appearance in any case in this district. "No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3)." LCR 83.2(b)(1). "A motion for withdrawal . . . shall include a certification that the motion was served on the client and opposing counsel." Id. "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." Id. "Business entities other than sole proprietorships must be represented by counsel and cannot proceed pro se." Goldstar Logistics LLC v. Amazon.com Servs. LLC, 2025 WL 1898893, at *1 (W.D. Wash. July 9, 2025); LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). If an attorney for a business entity other than a sole proprietorship seeks to withdraw,

> the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2(b)(4).

The Curtis factors weigh in favor of granting the motion to withdraw. Mr. Fick informed his client about his intent to withdraw, provided a copy of his motion and

ORDER - 5

1  declaration in support to his client, and certified that he served opposing counsel with his
2  motion and declaration.  See Fick Decl. at ¶¶ 5–6 (docket no. 46); Mot. for Leave to
3  Withdraw as Counsel at 4 (docket no. 45).  Defendant did not object to Mr. Fick's
4  withdrawal as its counsel.  See Fick Decl. at ¶ 5 (docket no. 46).  Mr. Fick has not
5  certified to the Court, however, that he has informed his client about the information
6  required by LCR 83.2(b)(4).  At least one other court in this district has denied a motion
7  by counsel seeking to withdraw when counsel had not certified that they had advised their
8  business-entity client that it is required by law to be represented by an attorney admitted
9  to practice before this court.  See, e.g., Will Co. v. Lee, 2024 WL 2723367, at *1 (W.D.
10 Wash. May 28, 2024).  The circumstances in this case are different, however, as the
11 parties in this case have no further disputes left for the Court to resolve.  There is no risk
12 of Defendant being found in default.  Furthermore, all factors outlined in Curtis weigh in
13 favor of granting Mr. Fick's motion: (1) Mr. Fick asserts that he has completed his role to
14 defend his client and bring this matter to resolution; (2) Plaintiffs have not claimed that
15 Mr. Fick's withdrawal will prejudice them; (3) the Court does not envision any harm that
16 might befall the administration of justice; and (4) Mr. Fick's withdrawal will not delay
17 the resolution of this case, because this case has now been fully resolved.
18     Accordingly, defense counsel James Fick's Motion for Leave to Withdraw as
19 Counsel, docket no. 45, is GRANTED.
20 / / /
21 / / /
22 / / /
23

ORDER - 6

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiffs Steve Corcoran and Debbie Douez's Motion to Reopen Case and for Entry of Judgment, docket no. 43, is GRANTED. This case shall be reopened only for the purposes of entering this Order and a Consent Judgment.

(2) Defense counsel James Fick's Motion for Leave to Withdraw as Counsel, docket no. 45, is GRANTED.

(3) The Clerk is directed to enter a Consent Judgment consistent with this Order and to send a copy of this Order and the Consent Judgment to all counsel of record, including Mr. Fick, and to Defendant Sustainable Living Innovations, Inc. at the following address:

> Sustainable Living Innovations, Inc.
> Attn: Arlan Collins
> 701 2nd Ave. Ste. 1400
> Seattle, WA 98104

IT IS SO ORDERED.

Dated this 13th day of November, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 7